4700 Ellsworth Associates, a Pennsylvania Limited Partnership et al., Appellants *v.* Michael A. Della Vecchia, Recorder of Deeds of Allegheny County, Pennsylvania, Appellee.

William D. Marra, Michael W. Kingsley and Constance U. Booth, Appellants *v.* Michael A. Della Vecchia, Recorder of Deeds of Allegheny County, Pennsylvania, Appellee.

Submitted on briefs June 1, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Timothy W. Silbaugh,* with him *John J. Ford, Eckert, Seamans, Cherin & Mellott,* for appellants.

*Stanley B. Lederman,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, December 16, 1981:

This is a consolidated appeal of several parties (Owners) from two Allegheny County Common Pleas

Court orders granting the Recorder of Deeds' (Recorder) petition to strike certain documents. We reverse.

On October 30, 1980, Owners submitted condominium documents to the Recorder who recorded them that day under the Unit Property Act.[1] The Recorder, contending that the Uniform Condominium Act[2] (Uniform Act) applied to condominiums created after October 29, 1980, filed his petition to strike the recordation of these documents for failure to comply with the Uniform Act. The Owners assert that the Uniform Act was not effective until October 31, 1980.

Section 3 of the Uniform Act, passed by the legislature on July 7, 1980, provides that "[t]his act shall take effect in 120 days. . ." with the exception of certain provisions which were to take effect immediately. All parties acknowledge that October 30, 1980 is the one-hundred and twentieth day. The parties, however, disagree as to whether the Act took effect on the *last day* of the *120-day period,* October *30,* 1980, *or on the first minute* of October *31,* 1980.

Other sections of the Uniform Act obviate the need to interpret the word "in" as it relates to the precise moment of statutory life in the phrase "in 120 days."[3] Section 3102(a), for example, states that "[t]his subpart applies to all condominiums

---

[1] Act of July 3, 1963, P.L. 196, *formerly* 68 P.S. §700.101, repealed by Section 2 of the Uniform Condominium Act, Act of July 2, 1980, P.L. 286. A similar act is now found at 68 Pa. C. S. §§3101-3414.

[2] 68 Pa. C. S. §3101.

[3] "In" is an elastic preposition, expressing a variety of meanings according to the context in which it is used. Black's Law Dictionary 891 (4th ed. 1968). Since the instant dispute is resolved on other grounds, we find it unnecessary at this time to undertake a semantic analysis which will have no effect on this litigation.

created within this Commonwealth *after the effective date* of this subpart. . . ." (Emphasis added.) Further, Section 3102(b) provides that "[t]he provisions of [the Unit Property Act] do not apply to condominiums created *after the effective date* of this subpart." (Emphasis added.)

"After" is commonly defined as "Later than a particular time or period of time . . . immediately following but not necessarily including the day, period or date of event named." Webster's Third New International Dictionary 38 (1976). It is clear that the Uniform Act applies only to those condominiums created *subsequent in time to* the effective date of the Act. Even if the effective date of this Act were determined to be October 30, 1980, the legislature has clearly mandated that its provisions will not apply to condominiums created *on* that date.[4] To hold otherwise would require this Court to rewrite the legislation by extending the statutory scope to include units created *"on or after"* the Act's effective date. We are without authority to insert into a statute words or phrases which were not included by the legislature. *Peabody v. Tucker,* 4 Pa. Commonwealth Ct. 609 (1972), *aff'd* 447 Pa. 398, 289 A.2d 438 (1972).

Reversed.

ORDER

The Allegheny County Common Pleas Court Orders Nos. GD80-28469 and GD80-28471, dated December 15, 1980, are hereby reversed.

---

[4] Although it is not clear why the legislature would enact a law which does not apply until *after* its effective date since the words of the Uniform Act are clear, its letter will not be disregarded. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).