## Kquira v. Saxe

*Gregory J. Dean,* for plaintiffs.
*Regina B. Guerin,* for defendants.
*Michael Stephen Gressen,* for intervenors.

OTT, *J.,* May 10, 1989—

## FACTS

On September 21, 1987, plaintiffs sold their interest in a business known as "Towers Deli Inc." along with two commercial condominium units and a storage unit at Valley Forge Towers West Condominiums to defendants. In conjunction with this sale, defendants gave plaintiffs a mortgage collateral to a guaranty note from Saxe Realty. The collateral mortgage agreement provided that if default occurred on the note from Saxe Realty, the collateral mortgage would become due. This mortgage was recorded as a second mortgage on October 13, 1987. A first mortgage exists in favor of Royal Bank of Pennsylvania.

On January 9, 1989, plaintiffs filed a complaint in mortgage foreclosure upon their collateral mortgage, alleging a default on the note to Saxe Realty. On February 14, 1989, Towers West and Valley Forge Towers Mall Association jointly filed a motion to intervene and quash mortgage foreclosure action asserting that the collateral mortgage is prohibited by the terms of Towers West's declaration of covenants. We issued a stay of the mortgage foreclosure action pending a hearing. On March 10, 1989, this court issued an order granting the motion of Towers West to intervene while denying the motion of Valley Forge Towers Mall Association to intervene for failure to establish an interest in the action.

Following a hearing on the motion to quash mortgage foreclosure, we issued an order on March 29, 1989, denying and dismissing the motion. Towers West has appealed to Superior Court.

## ISSUE

In its statement of matters complained of filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), appellant alleges six errors which reduce to a single issue. Did this court err in determining the Towers West declaration was invalid as violative of statutory and common law?

## DISCUSSION

Towers West suggests we erred by invalidating the declaration's restriction against second mortgages. The relevant restriction is set forth in paragraph 11(A) which provides in pertinent part:

"A unit owner may not voluntarily encumber or subject his unit to any lien other than the lien of (i) a first mortgage to a bank, trust company, bank and trust company, business trust, savings bank, savings and loan association, insurance company, pension fund or like institutional investor (but no other lender unless approved in recordable form by council in advance of the imposition of any lien by such party); or (ii) a purchase money mortgage to declarant."

We determined that this restriction violates the Pennsylvania statute which authorizes and regulates condominiums and is likewise contrary to common law which has long favored the free alienability of property.

As the Towers West's condominiums were established in 1976, the creation and subsequent convey-

ancing of its units are governed by the Unit Property Act.[1] Section 405 of this act states:

"Units may be sold, conveyed, mortgaged, leased or otherwise dealt with in the same manner as like dealings are conducted with respect to real property and interests therein." 68 P.S. §700.405.

This language is not ambiguous. We need not grope for its meaning. The clear intent of the legislature was that condominiums be freely mortgaged in the same manner as other real property. Section 203 of the act invalidates contrary provisions by providing "[a]ny agreement contrary to the provisions of this act shall be void and of no effect." 68 P.S. §700.203. Inasmuch as paragraph 11(A) of the declaration is contrary to the provisions of the act, it is void. It is axiomatic that a void agreement cannot constitute a basis for quashing a mortgage foreclosure.

The clear legislative intent of the act is not inconsistent with common-law principles. Pennsylvania courts have long favored free alienation of property and have permitted this right to be restrained only under limited circumstances. The Pennsylvania Supreme Court has declared:

"[E]very restraint on alienation of real property is not necessarily void. True, such restraints are not favored in the law. Further, an absolute restraint is against public policy and, therefore, of no legal effect. However, a limited and reasonable restraint

1. Act of July 3, 1963, P.L. 196, Art. I, §101 et seq., 68 P.S. §700.101 et seq. Condominiums created after October 30, 1980, are governed by the Uniform Condominium Act. Act of July 2, 1980, P.L. 286, §1 et seq. 68 Pa.C.S. §3101 et seq. *4700 Ellsworth Associates v. Vecchia,* 63 Pa. Commw. 218, 437 A.2d 1074 (1981).

on the power of alienation may be valid." *Lauder-baugh v. Williams,* 409 Pa. 351, 355, 186 A.2d 39, 41 (1962).

Thus, even without the statutory authority, the declaration's prohibition on second mortgages would be subject to a test of reasonableness. As there is no case law construing a prohibition against mortgages, we would be required to examine the purpose the restraint serves and weigh it against the objectives underlying the public interest in free alienability of property. The purpose behind the declaration's prohibition is apparently Towers West's desire to guaranty its priority as a creditor for any unpaid Association dues or fees. The Unit Property Act already provides a method for enforcing charges.[2] As such, the provision in question constitutes overreaching and affords little if any legitimate benefit. In no event is the benefit afforded Towers West commensurate with the disadvantage visited on unit owners.

## CONCLUSION

That portion of Towers West's declaration which prohibits second mortgages is void as contrary to the terms of the Unit Property Act and would otherwise fail under common-law principles as an unreasonable restraint on the power of alienation. The petition to quash was appropriately denied and dismissed.

---

2. Section 703 provides: "Any charge assessed against a unit may be enforced by suit by the council acting on behalf of the unit owners in an action in assumpsit: Provided, that each suit when filed shall refer to this act and to the unit against which the assessment is made and the owner thereof and shall be indexed by the prothonotary as lis pendens. Any judgment against a unit and its owner shall be enforceable in the same manner as is otherwise provided by law." 68 P.S. §700.703.